UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HESHAM ISMAIL,** | : |
| **Plaintiff** | : CIVIL ACTION NO. 3:19-1305 |
| v. | : (JUDGE MANNION) |
| **MCDERMOTT INTERNATIONAL, INC.,** *formerly CB&I, et al.,* | : |
| **Defendants** | : |

# MEMORANDUM

Pending before the court are two (2) reports from Magistrate Judge Susan E. Schwab. The first recommends that the Honeywell defendants'[1] motion to dismiss be granted. (Doc. 118). The second recommends that the Honeywell defendants' motion for a protective order and motion to compel discovery be denied. (Doc. 119). The plaintiff has filed objections to the reports. (Doc. 120).[2]

---

[1] The Honeywell defendants consist of Darius Adamczyk, Judson Weiss and Honeywell.

[2] Although the plaintiff has expressed concern in his objections "that [the court] will probably not read [them], the court assures the plaintiff that it has, in fact, carefully read and considered the objections he has filed.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, the plaintiff filed the instant action on July 29, 2019, under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. §1981 alleging that he was discriminated against on the basis of his race, religion and national origin. (Doc. 1). The plaintiff amended his complaint on January 23, 2020. (Doc. 20). Following a brief stay of the matter, the Honeywell defendants filed a motion to dismiss the plaintiff's amended complaint. (Doc. 49). The result was that all claims against the Honeywell defendants were dismissed; however, the plaintiff was given another opportunity to amend his complaint as to his §1981 claims. (Doc. 76, Doc. 83).

The plaintiff filed his second amended complaint on April 22, 2021. The following is a summarization of the plaintiff's allegations and claims to which the defendant does not object:

> In his second amended complaint, Ismail alleges that he experienced discrimination based on his race, religion, and national origin while employed as an Engineer at CB&I (now McDermott International Inc.). Doc. 84. Specifically, he claims that sometime in July 2013, he declined to attend a company potluck lunch hosted by client manager Weiss due to his fasting in accordance with the Islamic tradition of Ramadan. Id. at 7. As a result, he was allegedly given an increased workload of "3x his peers and subject to dishonest and hostile criticism including profanity by Judson Weiss." Id. According to Ismail, on October 28, 2014, he reached out to Honeywell plant manager William Olp (Weiss' manager) and reported the harassment. Id. Per Ismail, Olp "promised Plaintiff confidentiality for his complaint;" however, "William offered no help for the reported harassment

- 3 -

and disclosed the complaint to manager Judson Weiss." Id. On February 4, 2015, Ismail was terminated from CB&I. Id. Ismail claims he was fired for "[l]oss of [c]onfidence," but claims that he had no performance or disciplinary issues. Id.

On February 9, 2015, Ismail claims he applied for an identical job at a different CB&I location but was denied the interview. Id. Two days later, Ismail alleges that he emailed Honeywell President Adamczyk regarding an "audio recording of termination proving racist language as well as cover up of life critical safety violations by Judson Weiss." Id. Per Ismail, on February 13, 2015, a Honeywell HR representative reached out to him to collect evidence regarding his claims. Id. Ismail alleges that the HR representative "declined the audio proof of racism." Id. According to Ismail, "[w]hen asked what he wanted in exchange for suppling this evidence to Honeywell, the plaintiff requested his job back. The plaintiff was told that would be pending the results of the investigation." Id.

On June 11, 2015, Ismail alleges that, after several email requests, Honeywell's HR finally responded, "claiming the internal investigation was concluded and found no wrongdoing." Id. at 8. On January 20, 2016, Ismail claims he sent Adamczyk an email containing the allegedly racist audio recording. Id. Per Ismail, he sent the recording "in good faith proving that there was no work[-]related reason for termination and asked for accountability against Judson Weiss so this would not happen to anyone else." Id. According to Ismail, on February 1, 2016, Adamczyk responded "through his VP refusing to consider the audio evidence, threatened criminal prosecution against plaintiff for illegally recording his manager's harassment without permission, and continued to stand behind manage Judson Weiss' actions." Id. Per Ismail, Honeywell decided his case would remain closed since there was no new evidence other than the audio recording. Id. On July 12, 2016, Ismail claims that he emailed the entire Honeywell corporate management team with "new evidence ... including email proving that he contacted Plant Manager William Olp to report the harassment and audio showing that retaliation was cited by Judson Weiss during termination for the complaint filed with William Olp." Id. Ismail claims that Honeywell did not act on this information. Id.

>       Under Count Three, Ismail claims the Honeywell defendants violated §1981 because Adamczyk "sent an email through his VP discriminated [sic] against plaintiff by upholding Judson Weiss' actions against plaintiff despite being given audio evidence of discrimination and harassment." Id. Under Count Four, Ismail claims the Honeywell defendants violated §1981 because Ismail complied with their February 1, 2016 email and provided new evidence of discrimination, but Honeywell refused to reopen the discrimination investigation. Id.
>
>       Ismail alleges that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on July 10, 2015. Id. at 9. Ismail claims that on July 26, 2019, the EEOC issued Ismail a right-to-sue letter, which Ismail failed to attach to his second amended complaint. Id. at 9. But Ismail did attach to his original complaint a July 26, 2019, Dismissal and Notice of Rights form from the EEOC. Doc. 1 at 9. For relief, Ismail seeks reimbursement and payment including but not limited to "back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority." Doc. 84 at 10. Ismail also requests that those benefits should be accorded from the date on which he first suffered discrimination until the verdict. Id. Ismail also seeks punitive damages and requests that all financial relief be paid to the United Nations World Food Program. Id.

(Doc 118, pp. 2-6).

In their motion to dismiss, the Honeywell defendants argue that the plaintiff continues to fail to state a claim under §1981 because they and the plaintiff had no contractual relationship during the relevant time, a prerequisite to a §1981 claim. Moreover, they argue that the plaintiff cannot establish that race was a but-for cause of his alleged injury. (Doc. 86, pp. 6-8).

In addressing the Honeywell defendants' motion, in her first report, Judge Schwab noted that, based on the prior decision in this case, the only allegations which were not time-barred related to the January 20, 2016 email sent to Adamczyk regarding the audio recording, Adamczyk's February 1, 2016 response refusing to consider the audio evidence, and the follow-up July 12, 2016 email that the plaintiff sent to Honeywell regarding new evidence. In considering the Honeywell defendants' arguments, Judge Schwab found that, although the plaintiff did not have a contractual relationship with Honeywell at the relevant time, his attempts at persuading Honeywell to reopen the investigation could be construed as an attempt to form a contract. As a result, Judge Schwab determined that it must be established if Honeywell's alleged refusal to reopen the investigation amounts to an adverse employment action.[3] Judge Schwab provided that the plaintiff's §1981 claims only related to their failure to reopen the investigation. Citing to a line of case law from the Third Circuit and district courts therein that an employer's failure to conduct an investigation does not

---

[3] As set forth by Judge Schwab, in order to survive a motion to dismiss on a §1981 claim, the plaintiff must plausibly allege that (1) he is a member of a protected class; (2) he is qualified for the position or satisfactorily performed the duties required by her position; and (3) he suffered an adverse employment action. (Doc. 118, p. 10) (citing *Jones v. E. Airlines, LLC*, 2021 WL 2456650, at *7 (E.D.Pa. June 16, 2021) (citing *Wallace v. Federated Dep't Stores, Inc.*, 214 F.App'x 142, 144-145 (3d Cir. 2007)).

constitute adverse employment action, Judge Schwab found that the plaintiff's second amended complaint failed to state a claim against the Honeywell defendants. She therefore recommends that the Honeywell defendants' motion to dismiss be granted. Moreover, in light of the fact the plaintiff was on his second amended complaint, Judge Schwab recommends that the plaintiff not be allowed to file yet another amended complaint.[4]

In the second report, Judge Schwab recommends that, in light of the recommendation as to the Honeywell defendants' motion dismiss, a motion for a protective order (Doc. 104) and a motion to compel discovery (Doc. 112) also filed by the Honeywell defendants should be denied. (Doc. 119).

As indicated, the plaintiff has filed objections to Judge Schwab's report recommending that the Honeywell defendants' motion to dismiss be granted. In his objections, the plaintiff challenges the case law relied upon by Judge Schwab arguing that the cases are not addressing §1981 claims, but are

---

[4] Despite the plaintiff's claim in his objections that the Honeywell defendants' request and Judge Schwab's recommendation that he not be allowed to file another amended complaint "clearly shows that both the defense and the judge acknowledge that the merits of [his] case are valid but they are trying to deny a Pro-se justice on account of the technicality of the phrasing of the legal complaint document[,]" this is not the case. In fact, the plaintiff had already filed an original complaint and had been allowed to file two amended complaints and was still unable to state a valid §1981 claim. As such, the finding was obviously that it would be futile to continue to allow the plaintiff to file amended complaints when he was unable to state a claim to that point.

dealing with other statutes, such as Title VII. This argument is of no moment. As was discussed by Judge Schwab, the substantive elements of a claim under Title VII and §1981 are general identical. Therefore, cases in the Title VII context are equally applicable in the §1981 context. See Brown v. J. Kaz, Inc., 581 F.3d 175, 181-82 (3d Cir. 2009).

     The plaintiff also argues that the adverse action in this matter was not the failure to reopen the investigation as found by Judge Schwab. Since the investigation was a prerequisite to re-establishing his contractual relationship, the plaintiff argues that the denial of the investigation was, in fact, a denial of the contractual relationship, which the plaintiff argues is the actual adverse action. The court finds no merit to the plaintiff's argument. The second amended complaint alleges discrimination in relation to the failure to reopen the investigation into the plaintiff's dismissal. As explained by Judge Schwab, while the plaintiff's attempts to convince the defendants to reopen the investigation could be construed as an attempt to create a contract, the allegations allege that the discrimination was in relation to the failure of the defendants to reopen the investigation. Well-established case law demonstrates that failure to conduct an investigation does not constitute an adverse employment action. As such, the court will overrule the plaintiff's objections and adopt the report and recommendation as to the motion to

dismiss of Judge Schwab as the opinion of the court. In light of this, the court will also adopt the report of Judge Schwab with respect to the Honeywell defendants motion for protective order and motion to compel discovery. An appropriate order shall issue.

*S/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 17, 2022**
19-1305-01