**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HESHAM ISMAIL,** | : | |
| | | **CIVIL ACTION NO. 3:19-1305** |
| **Plaintiff** | : | |
| | | **(JUDGE MANNION)** |
| **v.** | : | |
| | | |
| **MCDERMOTT INTERNATIONAL,** | : | |
| **INC.,** *et al.,* | | |
| **Defendants** | : | |

**MEMORANDUM**

Presently before the court is plaintiff's motion to reconsider the court's order adopting a recent report and recommendation issued by Magistrate Judge Susan E. Schwab, (Doc. 129). The plaintiff has failed to meet the exacting standards required to succeed on a motion to reconsider and, therefore, the motion will be **DENIED**.

I.  **BACKGROUND**

By way of relevant background, the plaintiff's underlying complaint alleges he was discriminated against on the basis of his race, religion, and national origin under Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. §1981 ("§1981"). (Doc. 118). On March 3, 2022, this Court adopted Judge Schwab's report and recommendation dismissing the plaintiff's claims. (Doc.

122, Doc. 123). On April 29, 2022, the plaintiff filed the instant, *pro se*, motion for reconsideration, (Doc. 129).

The instant motion raises a single claim on which the plaintiff urges the court to reconsider the nature of his relationship with the defendants. (Doc. 129). The plaintiff suggests that he previously had a contractual relationship with the defendant and the nature of his alleged adverse employment action was the defendant's failure to rehire him, rather than their failure to reopen an investigation that the Court relied upon. (Doc. 129). The plaintiff alleges that the Court's failure to mention his request to be rehired justifies granting the present motion to reconsider. (Doc. 129).

## II. <u>DISCUSSION</u>

To succeed on a motion to reconsider, the moving party must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion ... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.</u>, 602 F.3d 237, 251 (3d Cir. 2010).

The plaintiff in the instant action fails to demonstrate sufficient grounds for reconsideration after alleging that his telephone call with the defendant on

- 2 -

February 13, 2015 demonstrates that there was a present contractual relationship between the parties. (Doc. 129). All that the telephone call possibly demonstrates was the plaintiff's desire to be rehired at the defendant's company. Therefore, the plaintiff fails to demonstrate any change in the controlling law, any new evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice. See Howard Hess Dental Laboratories Inc., 602 F.3d at 251.

Section 1981 and Title VII require that an individual be either within an existing contractual relationship or attempting to enter a contractual relationship to have a cognizable claim. See Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006) ("Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship."); §1981(b) ("For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."); see also Brown v. J. Kaz, Inc., 581 F.3d 175, 181-82 (3d Cir. 2009) ("the substantive

elements of a claim under section 1981 are generally identical to the elements of an employment discrimination claim under Title VII.").

At the time of the February 13, 2015 call, plaintiff had no contractual relationship with the defendants. (Doc. 129, Ex. 1) ("On February 4, 2015, Plaintiff was terminated by CB&I citing 'Loss of Confidence.'"); see also Domino's Pizza, Inc., 546 U.S. at 476 ("Any claim brought under §1981, therefore, must initially identify an impaired 'contractual relationship,' §1981(b), under which the plaintiff has rights."). The relevant part of the February 13, 2015, call indicates that the plaintiff attempted to convince the defendants to rehire him and form a new contract, which the defendants indicated would only be done pending a completed investigation. (Doc. 129, Ex. 1). Therefore, by attempting to persuade Honeywell to reopen the investigation against him to get rehired, the only potential adverse employment action was Honeywell's alleged refusal to reopen the investigation. See (Doc. 122); see Domino's Pizza, Inc., 546 U.S. at 476.

Finally, the failure of the Court to mention the plaintiff's desire to be rehired does not warrant modification of the Court's most recent order. The plaintiff has not alleged any change in controlling law or specific error in application by the court. The analysis of the law is the same and there is no clear error of fact. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d

- 4 -

669, 678 (3d Cir. 1999) (holding that, when there is the need to correct a clear error or law or fact or to prevent manifest injustice, a motion for reconsideration should be granted when the error constitutes a "fundamental" element of a party's claim). Though the plaintiff may disagree with the court's ruling, and despite the procedure flaw in the present motion[1], the court has reviewed the prior memorandum and order and finds no error warranting reconsideration.

### III. <u>CONCLUSION</u>

Upon review of the court's memorandum and order and the challenges raised in the plaintiff's motion to reconsider, the court finds no reason to disturb the prior ruling and will deny the plaintiff's motion for reconsideration.

An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 8, 2022**
19-1305-02

---

[1] The plaintiff failed to file a supporting brief within fourteen days of his motion pursuant to M.D. Pa. Local Rule 7.5. Traditionally, this would result in the motion being deemed withdrawn.