UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

HESHAM ISMAIL, :
              CIVIL ACTION NO. 3:19-1305
     Plaintiff :
              (JUDGE MANNION)
     v. :

MCDERMOTT INTERNATIONAL, :
INC., *et al.*,
     Defendants :

## MEMORANDUM

Presently before the court is the plaintiff's second motion for reconsideration of dismissal of the Honeywell defendants (Doc. 133), along with a supporting memorandum (Doc. 134). Upon review, the motion will be **DENIED**.

The plaintiff's second amended complaint alleges he was discriminated against on the basis of his race, religion, and national origin under Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. §1981 ("§1981"). (Doc. 118). On March 3, 2022, this court adopted Judge Schwab's report and recommendation dismissing the plaintiff's §1981 claims against the Honeywell defendants. (Doc. 122, Doc. 123). In this regard, the court determined that while the plaintiff's attempts at persuading Honeywell to reopen the investigation into his termination could be construed as an

attempt to form a contract, the determination to be made was whether the refusal to reopen the investigation constituted an adverse employment action. The court determined it did not.

On April 29, 2022[1], the plaintiff filed a motion for reconsideration of the court's order arguing that the nature of the alleged adverse employment action was the defendant's failure to rehire him, rather than their failure to reopen an investigation which this court relied upon. (Doc. 129). The plaintiff argued that the court's failure to mention his request to be rehired justified granting his motion to reconsider.

After setting forth the exacting standard to succeed on a motion for reconsideration, the court found the plaintiff failed to demonstrate any change in the controlling law, any new evidence, or the need to correct a

---

[1] The court notes that the original memorandum and order adopting the report and recommendation of Judge Schwab was filed on March 17, 2022. Pursuant to L.R. 7.10, the plaintiff had 14 days to file his motion for reconsideration and supporting brief. The plaintiff filed an untimely and procedurally deficient letter on April 15, 2022 (Doc. 126), after which he was informed by the court that any challenge to the court's memorandum and order must be made by written motion (Doc. 127). The plaintiff ultimately filed his motion for reconsideration on April 29, 2022; however, he did so without the required supporting brief. (Doc 129). Despite the plaintiff's procedural failures, the court considered the arguments made in the motion for reconsideration. The motion was ultimately denied on July 8, 2022. (Docs. 133, 134).

clear error of law or fact or to prevent manifest injustice. See Howard Hess Dental Laboratories Inc., 602 F.3d 237, 251 (3d Cir. 2010). (Doc. 131). Specifically, the court found that the plaintiff was not within an existing contractual relationship, and while he was attempting to persuade Honeywell to reopen the investigation against him to get rehired, it was expressed that this would not be considered absent a completed investigation. The court found therefore that the only potential adverse employment action was Honeywell's alleged refusal to reopen the investigation which was insufficient to state a claim. It was found that the plaintiff's mere disagreement with the court's conclusions did not warrant granting his motion for reconsideration.

The plaintiff now files his second motion for reconsideration contending that the court misunderstood what he was arguing in his initial motion for reconsideration. In doing so, the plaintiff cites to the same paragraph in his second amended complaint regarding a telephone call on February 13, 2015, that he previously relied upon wherein he expresses his request to have his job back and is informed that this could only occur pending the results of an investigation. (Docs. 133, 134).

The plaintiff argues the paragraph demonstrates an oral agreement between the parties establishing a contractual relationship, which he labels as an "intervening change to controlling law." It simply does not and is not.

- 3 -

He further indicates that he is submitting "new evidence" in the form of an email exchange, which he contends establishes that he notified the defendant that he was returning to the United States expecting to be able to return to his job which demonstrates a contractual relationship. Initially, the email is not "new evidence" since it was in existence and available to the plaintiff well before his initial motion for reconsideration.[2] Moreover, upon review, the email exchange indicates that the plaintiff is "follow[ing] up on the status of the investigation" and "should be back in the US next week" if there were any questions. A response indicates that the investigation was ongoing and the plaintiff would be contacted if there were any other questions and when the investigation was complete. (Doc. 134, Ex. 1). Despite plaintiff's characterization, the email exchange does not demonstrate a contractual relationship.

---

[2] Despite the fact that the email does not constitute "new evidence," once again, the court is giving the *pro se* plaintiff leeway in considering the arguments he raises in relation thereto.

- 4 -

Upon review of the plaintiff's motion and memorandum, the court finds no reason to disturb its prior ruling and will deny the plaintiff's second motion for reconsideration. An appropriate order will issue.

MALACHY E. MANNION
United States District Judge

DATE: November 22, 2022
19-1305-03